CATERINA AIASSA, *Appellant*, v. JOSEPH AIASSA, *Respondent.*[1]

*A. C. Bannon* and *Frank P. Rutherford,* for appellant.

*Frank E. Boyle,* for respondent.

PARKER, J.—The plaintiff, Mrs. Aiassa, commenced this action in the superior court for King county seeking a decree of divorce dissolving the bonds of matrimony existing between her and Mr. Aiassa, a division of their community property and a periodical money allowance for the support of herself and their two minor children. Trial in that court upon the merits

[1]Reported in 276 Pac. 547.

resulted in findings and a decree of divorce as prayed for by Mrs. Aiassa; and also a division of their community property, a periodical money allowance to her for the support of her children, their custody being awarded to her, but no such allowance for her own support. She has appealed to this court from the decree in so far as it awards division of their community property, claiming such award to her to be inadequate.

We do not have in the record of the case any statement of facts preserving the evidence, so our decision must necessarily be rested upon the trial court's findings of fact and its decree, from which we summarize the controlling facts. Mr. and Mrs. Aiassa were married at Seattle in September, 1915, and have resided there ever since. They have two children nine and ten years old, respectively, the custody of which was awarded to Mrs. Aiassa. As to the grounds of divorce, the trial court found as follows:

"That the defendant has failed and neglected to make suitable provision for the support of plaintiff and the minor children of plaintiff and defendant, for several years last past. That the defendant has been guilty of cruel treatment and personal indignities to- wards the said plaintiff, without any just cause or excuse, for the last five years, and that because of said fact it is impossible for plaintiff and defendant to ever live together as husband and wife."

Mr. Aiassa is a cook earning $140 a month, in addition to his meals. The property divided between the parties by the decree was all found by the court to be their community property. No other property is mentioned in any portion of the record of the case, and hence we feel justified in proceeding upon the assumption that there is no other property to be considered.

The decreed disposition of the personal property is an approximately equal division thereof, except that the larger part of the household goods is awarded to

Mrs. Aiassa, evidently because of her retaining the care of the children. The decree awards to Mrs. Aiassa fifty dollars per month for the support of the children, but makes no periodical money award for her own support. Three pieces of real property were by the decree awarded as follows: "Lots 3 to 7, inclusive, in block four, Hillman's City Addition to the city of Seattle, Division No. 6," of the approximate value of $3,500, were awarded to Mr. Aiassa. "Lot four, block one, Webster's Madison Street Addition to the city of Seattle," and the $3,100 payable in monthly installments of $30 each, being the unpaid portion of the contract sale price thereof, conveyance by Mr. and Mrs. Aiassa to the purchaser not having yet been made, is awarded to Mrs. Aiassa. "Lots 15 and 16, block I, Greenwood Park Second Addition to Seattle," of the approximate value of $800, subject to a street assessment of $400, is awarded to Mrs. Aiassa. Thus, the decreed disposition of these three pieces of real property, as well as the decreed disposition of the above described personal property, constitutes substantially an equal division thereof.

The fourth piece of real property, of the approximate value of $18,000, renting for $125 per month and constituting in value over two-thirds of all the community property, the division of which is particularly complained of in behalf of Mrs. Aiassa, is by the decree disposed of as follows:

"It is further ordered, adjudged and decreed, that the west 80 feet of lot 5, block 56, C. C. Terry's First Addition to the city of Seattle, King county, Washington, be awarded to Joseph Aiassa and Caterina Aiassa, and that they be tenants in common until their minor children become of age, and that said property shall stand as security for the payment to the plaintiff of $50.00 per month until said children shall arrive at the age of majority, it being the intention of the

court that said property be held in trust by the defendant and plaintiff herein, as security for the payment to Caterina Aiassa, for the support of said minor children of the sum of $50 per month until they shall have reached the age of majority, at which time said property shall revert to the defendant and the minor children, as follows: To Joseph Aiassa, an undivided three-fourths interest and to Doris Aiassa and Norman Aiassa, an undivided one-fourth interest in said property.''

██ .It seems plain to us that, since the trial court found that Mrs. Aiassa is entitled to a decree of divorce because Mr. Aiassa failed and neglected to make suitable provision for the support of herself and children, and also has been guilty of cruel treatment and personal indignities towards her for a number of years past, she being without fault, she becomes entitled to much more favorable treatment in the division of their community property than is awarded by the decree, particularly with reference to the property last above described; and that she is entitled to have that property divided equally between them, by the decree confirming in each an absolute fee simple title to a one-half interest therein. We see no justification for limiting Mrs. Aiassa's interest in that property to the years of minority of the children and then vesting title thereto wholly in Mr. Aiassa and the children.

██ In this connection, while we think Mrs. Aiassa should be awarded the $50 monthly money allowance as a personal obligation against Mr. Aiassa for the support of the children while she is burdened with their care, we are of the opinion that such obligation should not be made a specific lien against any of his property, in view of his earning power and the considerable value of the property awarded to him by a substantially equal division of the community property. Such a lien would, we think, unnecessarily ham-

per the management and disposition of his property.

Ordinarily, of course, it is undesirable to decree undivided interests in property as between parties to a divorce decree. But the property last above described seems impractical of physical division or of severance of the interests therein of Mr. and Mrs. Aiassa without sale, and we are not advised that a sale at this time would be desirable. However, the matter of severing their interests in the property by judicial determination in an action in the nature of partition will, of course, be open to either of them in the courts, wherein their respective rights may be determined and fully protected, should either desire severance of their interests and be unable to agree with reference thereto.

We conclude that the decree shall be modified to the extent of awarding to Mrs. Aiassa a fifty dollars monthly allowance as a personal obligation against Mr. Aiassa in her favor for the support of the children while in her care; such award, however, not to be decreed a lien against any specific property of Mr. Aiassa, except as the result of further proceedings in court upon the arising of changed conditions. We further conclude that the decree shall be modified with reference to the real property, last above described, to wit: ''The west 80 feet of lot 5, block 56, C. C. Terry's First Addition to the city of Seattle,'' to the extent of awarding to Mr. and Mrs. Aiassa each an undivided one-half interest therein, in fee simple, resulting, of course, in giving to each an equal share in the rents and profits thereof. We further conclude that in all other respects the decree shall be affirmed. It is ordered that the cause be remanded to the superior court with directions to modify and correct the decree in accordance with our views herein expressed.

It seems to us desirable that the correction of the decree should be in the form of a decree specifically disposing of each and all of the four pieces of real property, though by so doing would, in a measure, be repeating the provisions of the decree here on appeal touching the disposition of the three first above described pieces of real property, with respect to which we affirm the decree. This we recommend to the trial court, in view of the fact that the final decree disposing of these four pieces of real property will, upon recording in the auditor's office of King county, become a link in the chain of title to each of the several pieces of real property. The fifty dollars monthly allowance to Mrs. Aiassà as a personal obligation against Mr. Aiassa is not as plain in the decree as it should be, so the correction of the decree should be made plain in that respect.

MITCHELL, C. J., MAIN, FRENCH, and MILLARD, JJ., concur.